BAKER, JUDGE:
The claimant brought this action for personal injuries which occurred as a result of a slip and fall accident while walking on Route 3, which is a road maintained by the respondent in Raleigh County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on November 26,1995 at about 7:15 p .m. T he c laimant, T erry R. W ooden, w as h elping a friend de liver m ining equipment to Glen Daniels, West Virginia. After moving the equipment, the claimant went to the Citgo station on Route 99 to eat. Afterwards, the claimant decided to walk to his friend’s house to shower, which is about 'A mile from Route 3 (the transcript is unclear which direction the claimant was heading). While walking, the claimant had his attention on the area between the white line on the berm of the road and the guardrail, which was about five feet. Previously, the claimant, who was an avid walker, had been on Route 3 three to four times. At no time in the past had he noticed any subsiding or deterioration of Route 3.
While a pedestrian on Route 3 in the Bolt area of Raleigh County, West Virginia, the claimant encountered a portion of the road which had fallen away. Before he saw that a portion of the road as subsiding, or deteriorating, he stepped into that area. Subsequently, he lost his balance and fell ten to twelve feet into a ditch-like area. When the claimant fell into the ditch-like area, he hit his ankle against the guardrail. The claimant tried to get up, but fell again. Finally, on the third attempt, the claimant was able to pull himself up and flag down traffic. Eventually, two Deputy Sheriff officers arrived at the scene and called an ambulance for the claimant.
As a result of the injury, the claimant has incurred medical bills in the amount of $8,011.11. However, under an insurance policy held by the claimant, he has been responsible for only $906.50 of the medical bills. Claimant’s injuries have required surgery and physical therapy. Additional medical expenses are anticipated in the future. Unfortunately, the claimant has retained a slight limp, and he some loss of mobility in his left ankle.
The position of the respondent in this claim is that it did not have actual or constructive notice of the condition of Route 3 at the site of the claimant’s accident. There had been no calls or letters describing any subsiding condition or deterioration of Route 3 at the scene described herein. Moreover, Route 3 is a first priority road. Consequently, the road is patrolled regularly for road defects. However, no defects were ever found on Route 3 by the respondent’s substation road crew located at Bolt. Thus, *6 there was no notice of any road defects on Route 3 which should have been repaired.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorist upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold the respondent liable for road defects of this type, the claimant must prove that the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court is of the opinion that the respondent did not have any notice, actual or constructive, of this road hazard on Route 3; therefore, respondent did not have an opportunity to make repairs.
In the present claim, the evidence established that the respondent sent its employees to inspect the area of Route 3 in question on a regular basis. The evidence further established that the respondent has not been put on notice from the general public through phone calls or letters. While sympathetic to the claimant’s situation, the Court is of the opinion that the respondent took reasonable steps to ensure the safety of Route 3 and that there is insufficient evidence of negligence upon which to justify an award. Therefore, in view of the foregoing, the Court denies this claim.
Claim disallowed.